U. S. DISTRICT COURT
WESTERN DIST. ARKANSAS
F I L E D

SEP 19 1990

CHRIS R. JOHNSON, Clerk
By Jane Wright
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LARRY MILTON, ET AL                                PLAINTIFF

VS.                                                NO. 88-1142

BILL CLINTON, ET AL                                DEFENDANT

BRIEF IN SUPPORT OF
REPLY OF CAMDEN SCHOOL DISTRICT NO. 35
TO FAIRVIEW SCHOOL DISTRICT NO. 16'S
RESPONSE TO MOTIONS TO DISMISS

I. **Fairview Has No Standing For The Reasons Already Stated**

Fairview's cross-claim is fatally defective because Fairview lacks standing to assert any claim against other defendants for all the reasons already stated in motions and briefs filed herein. Warth v. Seldin, 422 U.S. 490, 45 L.Ed.2d 343, 95 S.Ct. 2197(1975); School District of Kansas City v. Missouri, 460 F.Supp. 421(1978). The linchpin of these arguments, however, is the failure of Fairview's pleading to state a claim or cause of action belonging to Fairview School District as an independent entity upon which claim some relief could be granted. It is because of the lack of such a claim in its pleading that Fairview must attempt to assert the constitutional rights of third persons --- the black and white victims of segregation --- which, as stated, Fairview has no standing to assert. Fairview's response

BRIEF IN SUPPORT OF
REPLY OF CAMDEN SCHOOL DISTRICT NO. 35
TO FAIRVIEW SCHOOL DISTRICT NO. 16'S
RESPONSE TO MOTIONS TO DISMISS - PAGE 2

---

and supporting brief make clear that Fairview has no such valid claim to assert. This reply will be limited to addressing the failure of Fairview's pleading to state a valid cognizable claim of its own.

II. A Political Subdivision Cannot Assert Constitutional Violations Against The State Or Other Political Subdivisions

Fairview is a local school district created by the laws of the State of Arkansas. Fairview is purely a creation of the State of Arkansas established to carry out the state's obligation under the Arkansas Constitution to furnish an education to its citizens. The school district has the same relationship to the state as does a municipality. They carry out different functions, but each is simply an instrumentality of the state. Arkansas Constitution, Art. 14, states:

> §1  FREE SCHOOL SYSTEM
>
> Intelligence and virtue being the safeguards of liberty and the bulwark of a free and good government, the State shall ever maintain a general, suitable and efficient system of free public schools and shall adopt all suitable means to secure to the people the advantages and opportunities of education. The specific intention of this amendment is to authorize that in addition to existing constitutional or statutory provisions the General Assembly and/or public school districts may spend public funds for the education of person over twenty-one (21) years of age and under six (6) years of age, as may be provided by law, and no other interpretation shall be given to it [As amended by Const. Amend. 53.]

BRIEF IN SUPPORT OF
REPLY OF CAMDEN SCHOOL DISTRICT NO. 35
TO FAIRVIEW SCHOOL DISTRICT NO. 16'S
RESPONSE TO MOTIONS TO DISMISS - PAGE 3

---

§4  SUPERVISION OF SCHOOLS

> The supervision of public schools and the execution of the laws regulating the same shall be vested in and confided to such officers as may be provided for by the General Assembly.

The United States Supreme Court, and other courts, have from time to time advanced the thesis that local governmental bodies have no equal protection, or other constitutional rights against the state in which they are a part, or against other state instrumentalities.

In Williams v. Mayor And City Council of Baltimore, 289 U.S. 36(1933), Justice Cordozo rejected a defense by the City of Baltimore, Maryland, the statute violated its rights under the Fourteenth Amendment. The stated ground for rejection was that:

> A municipal corporation, created by a state for the better ordering of government, has no privileges or immunities under the federal constitutional which it may invoke an opposition to the will of its creator.

See, City of Trenton v. New Jersey, 262 U.S. 182, 187-188(1923); City of Newark v. New Jersey, 262 U.S. 192, 196(1923); City of New York v. Richardson, 473 F.2d. 923, 929(2nd Cir. 1973); Aguayo v. Richardson, 473 F.2d. 1090, 1100(2nd Cir. 1973).

In Aguayo, supra, the Second Circuit indicated its belief that "a city is not a citizen entitled to privileges and

BRIEF IN SUPPORT OF
REPLY OF CAMDEN SCHOOL DISTRICT NO. 35
TO FAIRVIEW SCHOOL DISTRICT NO. 16'S
RESPONSE TO MOTIONS TO DISMISS - PAGE 4

---

immunities under Section 2 of Article IV, or Section 1 of the Fourteenth Amendment." Id. 473 F.2d. at 1100. It follows that an instrumentality of the state such as the school district could have no Fourteenth Amendment claims against other school districts, cities, or other entities of the same state. It would further follow that a school district would have no federal constitutional claims against the state of its creation or against sister instrumentalities of the same state unless some separate federal statute, or separate state statute, directly or indirectly, conferred such a right of action on the school district.

The decision in Aguayo, supra, goes farther with its statement that "on the other hand, a city would clearly lack standing to raise due process claims (e.g., lack of fair hearing) related to its citizens." Id. 473 F.2d. at 1101. This reference reaches the same result as the standing arguments already referred to which clearly disallow efforts by a state governmental entity to assert the constitutional rights of its citizens. It would also disallow the efforts of a school board to assert the constitutional rights of its pupils. This is the holding in School District of Kansas City v. Missouri, 460 F.Supp. 421(1978). Accordingly, there is no theory under which any party to this litigation can be validly alleged to have violated the constitutional rights of the Fairview School District.

BRIEF IN SUPPORT OF
REPLY OF CAMDEN SCHOOL DISTRICT NO. 35
TO FAIRVIEW SCHOOL DISTRICT NO. 16'S
RESPONSE TO MOTIONS TO DISMISS - PAGE 5

III. Fairview Has No Claim For Contribution Or Indemnity

The only causes of action actually named or suggested by Fairview's cross-claim is ground for recovery or contribution and indemnity. Fairview is not as a matter of law entitled to either contribution or indemnification.

A.  Contribution

The right of contribution is based upon an act which provides that the right exist between "joint tortfeasors". The term "joint tortfeasors" is defined in A.C.A. §16-61-201 as:

> ... two or more persons jointly or severally liable in tort for the same injury ....

Fairview has no right to recover contribution from anyone because this is not a tort case.

In Coleman v. Texaco, Inc., 688 S.W.2d 741(Ark. 1985) the plaintiff was injured when a wall collapsed and fell on him. It was held he had a direct claim against only one of several named defendants. The Court then viewed the question of whether the single defendant directly liable for the injuries could maintain an action for contribution against the other defendants. The Court stated:

> There is no right of contribution from one who is not liable in tort to the original party.
> 688 S.W.2d at 743.

BRIEF IN SUPPORT OF
REPLY OF CAMDEN SCHOOL DISTRICT NO. 35
TO FAIRVIEW SCHOOL DISTRICT NO. 16'S
RESPONSE TO MOTIONS TO DISMISS - PAGE 6

---

See also <u>C & L Rural Electric Cooperative Corp. v. Kincaid</u>, 256 S.W.2d 337(Ark. 1953) which considered the question of a right to contribution in by a workmen's compensation insurer against an employer. The Court stated:

> We think these provisions make it clear that the Act is only applicable to a situation where there is common liability to an injured person in tort. Such liability may be joint or several, but there can be no contribution where the injured person has no right of action against the third party defendant. The right of contribution is a derivative right and not a new cause of action .... 256 S.W.2d at 341.

The subject matter of this lawsuit is the violation of constitutional rights of the class represented by the plaintiffs and of the citizens of the Camden School District. It is not a tort action. Therefore, Fairview has no right to contribution.

Fairview would also be barred from asserting a right of contribution because its liability is based upon its own intentional misconduct. Generally, intentional wrongdoers do not have a right of contribution.

Arkansas has the 1939 version of the Uniform Contribution Among Tortfeasors Act. This Uniform Act, which has been revised several times since 1939, has not been amended in Arkansas since its original passage. In its current form the Uniform Act includes a provision not present in the Arkansas statute which expressly states:

BRIEF IN SUPPORT OF
REPLY OF CAMDEN SCHOOL DISTRICT NO. 35
TO FAIRVIEW SCHOOL DISTRICT NO. 16'S
RESPONSE TO MOTIONS TO DISMISS - PAGE 7

---

> There is no right of contribution in favor of any tortfeasor who has intentionally (willfully or wantonly) caused or contributed to the injury or wrongful death. Revised Uniform Contribution Among Tortfeasor Act of 1955 §1(c).

The official comment concerning this revision to the Uniform Act states:

> .... the 1939 Act was silent on the matter. The policy here followed as that of the original rule as to contribution, that the Court will not aid an intentional wrongdoer in a cause of action founded on his own wrong ....

The Arkansas statute in its current form is silent on the question of an intentional wrongdoer seeking contribution. However, the comment to the 1955 Uniform Act clearly establishes that the policy of the 1939 Act was that an intentional wrongdoer had no right of contribution. Under the circumstances the silence of the Arkansas Act cannot be said to authorize contribution. We would also point out that, while we find no Arkansas case in point as to whether an intentional tortfeasor is entitled to contribution, there are a number of decisions from other states denying contribution to an intentional tortfeasor. <u>Dykes v. Raymark Industries, Inc.</u>, 801 F.2d 810(6th Cir. 1986), interpreting Tennessee law; <u>US v. Ward</u>, 618 F.Supp. 884(E.D.N.C. 1985); and <u>Greenemier by Redington v. Spencer</u>, 694 F.2d 850(1984).

BRIEF IN SUPPORT OF
REPLY OF CAMDEN SCHOOL DISTRICT NO. 35
TO FAIRVIEW SCHOOL DISTRICT NO. 16'S
RESPONSE TO MOTIONS TO DISMISS - PAGE 8

---

Therefore, Fairview would have no right of action for contribution because this is not a tort action. In addition, Fairview would have no right of contribution because it is an intentional wrongdoer.

B.  Indemnification

The other cause of action suggested by Fairview's response to exist is indemnification. Fairview has no right of indemnification against any defendant herein for reasons very much the same as those stated for the non-existence of a right of contribution above.

The leading case on indemnification under Arkansas law is Merrill Lynch v. First National Bank of Little Rock, 774 F.2d 909 (8th Circuit 1985). This case states two general rules. The first is, "there can be no indemnity without a duty between the tortfeasors, either agreed by contract or imposed by the Court through quasi-contract"; and secondly, the right to indemnity "depends as well upon the nature and quality of the wrong done to the injured party." Id. at p. 917.

In this case there is admittedly no contract providing for indemnification from any defendant in favor of Fairview. Accordingly, any right to indemnification could arise only through some duty imposed by this Court. The Merrill Lynch case is again

helpful on this point. The Eighth Circuit provided lengthy analysis in three situations where indemnification has been allowed by Arkansas Courts in the absence of an expressed contractual entitlement. The Court stated:

> First, there are situations in which a party is liable not because of his own malfeasance or neglect (the "active fault" of the cases) but rather because of his legal relationship with the party whose act or dereliction proximately caused the harm. [Footnote omitted.] These are cases in which the law has seen fit to impute liability to the party most likely to be able to compensate in full the injured party, but has through the doctrine of indemnity allowed the financially responsible party to recover what it can from the party ultimately at fault. The Arkansas cases make clear that the right of indemnity in this instance cannot exist when the party seeking indemnity has proximately caused the harm. [Footnote omitted.]
>
> A second category of indemnity case, rare in Arkansas is the converse of the first. This is the case of the obedient servant or agent who is found liable for injuries caused by his acting in good-faith reliance on the directions or authority of the master or principal, or who otherwise is put to loss as a result of actions within the scope of his agency. The law allows the loss ultimately to be laid upon the principal who gave authority and direction. See, e.g., <u>Southern Farm Bureau Casualty Insurance Company v. Gooding</u>, 263 Ark. 435, 565 S.W.2d 421 (1978).
>
> The third type of indemnity case is characterized by breaches of different duties owed by the tortfeasors to the injured party. Product-liability actions and defective premises cases give us most of the case law in

Case 1:88-cv-01142-SOH   Document 126   Filed 09/19/90   Page 10 of 13 PageID #: 622

BRIEF IN SUPPORT OF
REPLY OF CAMDEN SCHOOL DISTRICT NO. 35
TO FAIRVIEW SCHOOL DISTRICT NO. 16'S
RESPONSE TO MOTIONS TO DISMISS - PAGE 10

> this area. [Footnote omitted.] In the typical case of this kind the supplier of a defective product is found liable to the injured consumer (on a strict-liability or warranty theory) but is allowed indemnity from the manufacturer of the product apparently on the ground that that manufacturer's negligence in producing a defective product is more direct and palpable than the supplier's failure to discover the defect. As in the case of imputed liability, the justification for indemnity disappears if the supplier was himself proximately at fault for failing to inform the consumer of a <u>known</u> defect. <u>Harrell Motors, Inc. v. Flanery</u>, 272 Ark. 105, 612 S.W.2d 727 (1981). Id. at p. 918.

None of the three situations described above are matched by the circumstances of this case. First, Fairview cannot be held liable for constitutional violations unless its participation was active, rather than passive. The first set of circumstances would, therefore, not apply. With respect to the second category, no agency or similar relationship existed to furnish a basis for indemnity under the second theory. The final theory of non-contractual indemnity also does not apply. It is based on the existence of a tort duty from the indemnitor to the injured party, and as stated above, this is not a tort action; rather it is a constitutional case.

For the reasons stated Fairview has no right of indemnification from the other defendants herein.

In addition no right of non-contractual indemnity could exist in Fairview because Fairview is here guilty of active and intentional misconduct.

> We have not found any Arkansas cases in which an intentional tortfeasor was granted indemnity from another wrongdoer. Nor are we aware of any authority from other jurisdictions which would support such a result. ... The law of indemnity in Arkansas does not merely look for duty and breach of duty between tortfeasors; it looks as well to the nature and quality of the wrong done to the injured party. <u>When both defendants have intentionally wronged the plaintiff, neither of them is entitled to the benefit of the equitable doctrine of indemnity.</u> [Emphasis added.]

Here not only has Fairview in the past intentionally participated and sought to continue a segregated education system, it continues today in this Court and by appealing the State Board's consolidation order to perpetuate racial segregation. Hence, Fairview has been and continues to be guilty of intentional wrongdoing which means, <u>inter alia</u>, that it has no right of indemnification (or contribution).

III. <u>Conclusion</u>

Fairview has no federal constitutional cause of action against any cross defendant. Neither has Fairview any right of contribution or indemnity. Therefore, Fairview's cross-claim does not state a claim for relief against those defendants. Since

Fairview also has no standing to assert constitutional rights of third parties under <u>Warth v. Seldin</u>, 422 U.W. 490 (1975) and <u>School District of Kansas City v. Missouri</u>, 460 F.Supp. 421 (1978), Fairview's cross-claim must be dismissed.

                              Respectfully submitted,

                              CAMDEN SCHOOL DISTRICT NO. 35

                              JANET L. PULLIAM
                              Attorney at Law
                              111 Center St.
                              Suite 1100
                              Little Rock, AR 72201
                              Attorney for Camden

By _____
    Allen P. Roberts
    ROBERTS, HARRELL & LINDSEY, P.A.
    P. O. Box K
    Camden, AR 71701
    (501) 836-7725
    State Bar No. 64036

Case 1:88-cv-01142-SOH   Document 126   Filed 09/19/90   Page 13 of 13 PageID #: 625

BRIEF IN SUPPORT OF
REPLY OF CAMDEN SCHOOL DISTRICT NO. 35
TO FAIRVIEW SCHOOL DISTRICT NO. 16'S
RESPONSE TO MOTIONS TO DISMISS - PAGE 13

## CERTIFICATE OF SERVICE

I, Allen P. Roberts, do hereby certify that a copy of the above and foregoing Brief in Support of Reply of Camden School District No. 35 to Fairview School District No. 16's Response to Motions to Dismiss has been mailed, postage prepaid to:

Mr. John W. Walker, P.A.
Attorney at Law
1723 Broadway Street
Little Rock, AR  72206

Mr. Hayes C. McClerkin
Attorney at Law
State Line Plaza, Suite 6
Texarkana, AR  75502

Mr. Mike Kinard
Attorney at Law
P. O. Box 727
Magnolia, AR  71753

Ms. Mary B. Stallcup
Deputy Attorney General
200 Tower Building
4th and Center Streets
Little Rock, AR  72201

Mr. V. Benton Rollins
Attorney at Law
143 Jackson Street
Camden, AR  71701

Mr. Dan F. Bufford
Attorney at Law
One Spring Street, Suite 300
Little Rock, AR  72201

Mr. William I. Prewett
Attorney at Law
P. O. Box 1917
El Dorado, AR  71731

Mr. P. A. Hollingsworth
Attorney at Law
415 Main Street
Little Rock, AR  72201

Ms. Stacy M. Vanausdall
Assistant Attorney General
200 Tower Building
4th and Center Streets
Little Rock, AR  72201

Ms. Sharon Carden Streett
Arkansas Department of Education
#4 State Capitol Mall
Room 305A
Little Rock, AR  72201

on this 18th day of September, 1990.

_____
Allen P. Roberts