IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LARRY MILTON, ET AL — PLAINTIFFS

VS. — NO. 88-1142

BILL CLINTON, ET AL — DEFENDANTS

CONSENT ORDER

Larry Milton, on behalf of himself and infants Shanna Milton and Shana Milton; Dr. Willie D. Harris, on behalf of himself and infant Mark Neil; Bobbie Ray Cheeks, on behalf of infant Bobbie Ray, Jr.; Dr. Lee Nayles, on behalf of himself and infant Jon Nayles; the Board of Education of Camden, Arkansas School District No. 35; the Board of ~~Directors~~ Commissioners of the Housing Authority of the City of Camden, Arkansas; the City of Camden, Arkansas; the Board of Directors of the Fairview School District No. 16; for their resolution of this action pending in the United States District Court for the Western District of Arkansas, El Dorado Division, hereby request the approval by the Court and entry of the following by Consent Order:

I. GOVERNANCE.

A. The School Board of Fairview School District No. 16 is hereby expanded to nine members. This expansion is done to insure

182

the maximum amount of participation during the implementation of the desegregation remedy contained within this document. Dr. Lee Nayles is hereby appointed to fill the vacancy. This nine person school board shall be a transition board and will be replaced in its entirety by the seven member board elected as specified in Subparagraph I(C).

B. Fairview will convert to seven single member districts for the purpose of electing its school board. This conversion is part of the provisions of a settlement and Consent Order undertaken to comply with the Voting Rights Act of 1965 (with amendments), the Fourteenth and Fifteenth Amendments to the U. S. Constitution and in recognition of its affirmative duty to desegregate the district which exists after annexation. This duty extends to the manner in which it is governed. The single member districts will be those specified in the legal descriptions and shown on the map attached hereto as Exhibit "A" to this Order.

C. All seven members of the Fairview School Board will be elected at a special election to be held on May 6, 1991. There will be no school election until the regular school election to be held under state law in 1992. The members will draw for length of terms and establish the staggered terms of positions. Drawing shall be by position. Qualifications will be determined by state law.

II. DESEGREGATION.

A. Fairview agrees to fully desegregate by the beginning of the 1991-92 school year. The method for achieving desegregation will be the full merger of the student populations of the former Camden and former Fairview School Districts.

B. Desegregation will be accomplished by the complete merger of each grade (K-12) within a single building, subject only to the Chidester exception stated below.

C. School assignments to individual classes within a particular grade shall be made with every effort to avoid intra-school segregation. These assignments shall be monitored by the Education Equity Assistance Center.

D. This desegregation system will eliminate all racially identifiable schools beginning with the 1991-92 school year, with the possible exception of the Chidester School. The Chidester school can, at the option of Fairview, maintain a school with a black enrollment no more than 20% greater than that of the whole district through 1994-95. Thereafter, Chidester may be operated as a separate school only if students are assigned there in a constitutional manner. Fairview shall have the additional option of converting the Chidester complex into an early childhood development center in lieu of continuing to operate the existing

school facility in Chidester. This program would serve children three through five years old and would include a kindergarten. This early childhood development center will act as a specialty school to enhance the achievement levels of those attending and act as a magnet for voluntary district wide attendance. It is understood that this order does not obligate Fairview to operate a school in Chidester if it is determined in Fairview's discretion that to do so would not be economically feasible. Operation of the early childhood development center is also contingent on settlement with the state and funding as specified in the next paragraph.

E. In order to provide quality education in the desegregated Fairview district, certain programs must be implemented. The provisions of this paragraph of the Consent Order are specifically contingent upon settlement with the State of Arkansas and the Arkansas Department of Education with passage of legislation to fund the settlement. The State of Arkansas Department of Education will develop and obtain timely introduction of legislation to fund the settlement so that action by both houses of the legislature can be obtained during the January 1991 regular session of the Arkansas General Assembly. Specific implementation of programs will include:

1. Compensatory education
2. Early childhood development programs
3. Staff developments
4. Remediation programs

F. Fairview agrees that this Court will retain jurisdiction to supervise all aspects of this and subsequent orders of this Court until such time as this Court issues a declaration of unitary status.

III. CAMDEN HOUSING AUTHORITY.

A. The Camden Housing Authority agrees that it will locate its next low income housing project within the boundaries of the former Fairview School District.

B. This obligation to locate the next public housing in Fairview is subject to the availability of funding for such project and this Consent Order is in no way to be construed in such a manner as to violate any laws of the State of Arkansas or the United States and to the extent such laws would be violated by the enforcement hereof, the same shall be void.

C. This obligation can be excused only by an appropriate order of this court.

D. This Consent Order is made in consideration of the housing needs served by the Camden Housing Authority and by agreeing hereto, the Camden Housing Authority in no way admits to any wrongdoing nor is there a finding by the Court that the laws

of the State of Arkansas or the United States have been violated by the Camden Housing Authority.

IV. CITY OF CAMDEN.

A. The City of Camden shall appoint a member of either the Fairview School Board or Administration to the City Planning Commission when a vacancy becomes available.

B. The City of Camden will spend $125,000.00 of its funds on street and road improvements in connection with construction of the new Fairview high school facility near the intersection of Highway 79 South and Cash Road.

C. These expenditures will be undertaken by the City in its street and road projects for fiscal years 1991, 1992 and 1993; and will be subject to and conditioned upon obtaining $375,000.00 in matching federal funding sufficient to complete the contemplated Cash Road Improvement Project.

D. The particular projects implemented as related to ingress and egress to the new high school facility and utilization of the area by school buses and other school traffic shall be coordinated with Fairview so as to be consistent with the plans for development of the high school facility.

LARRY MILTON, ET AL, PLAINTIFFS

By ______________________

John W. Walker
Attorney for Plaintiffs

CITY OF CAMDEN, ARKANSAS

By ______________________

James Lee Silliman, Mayor

By ______________________

V. Benton Rollins
Attorney for City of Camden

CITY OF CAMDEN HOUSING AUTHORITY

By ______________________

James R. Coleman, Director

By ______________________

Mike Kinard
Attorney for Housing Authority

E. The City of Camden shall provide reasonable safety support for the implementation of the transportation routes and traffic problems associated with the annexed districts.

V. STATE OF ARKANSAS AND HARMONY GROVE.

All claims by and against the State of Arkansas and Harmony Grove School District No. 1 are set for trial commencing May 6, 1990.

IT IS SO ORDERED.

Oren Harris
United States District Judge

Nov. 27, 1990
Date

APPROVED:

FAIRVIEW SCHOOL DISTRICT NO. 16

By George Branch
George Branch, Superintendent

By Carol Crafton Anthony
Carol Crafton Anthony
Attorney for Fairview

CAMDEN SCHOOL DISTRICT NO. 35

By Jerry Daniel
Jerry Daniel, Superintendent

By ____
Allen P. Roberts
Janet L. Pulliam
Attorneys for Camden

U. S. DISTRICT COURT
WESTERN DIST. ARKANSAS
FILED

NOV 27 1990

CHRIS R. JOHNSON, Clerk
By Jane Knight
Deputy Clerk